IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Freeman, #235180, ) | |
| ) | CIVIL ACTION NO. 9:09-1102-DCN-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Doctor Byrne; Nurse Derrick, Director ) | **REPORT AND RECOMMENDATION** |
| of Nursing; Warden Hagan; Ken Long, ) | |
| Grievance Coordinator; John Doe ) | |
| of Anderson County Court; ) | |
| and Dr. NFN Allewine, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections and frequent filer of litigation in this Court, alleges violations of his constitutional rights by the named Defendants.

Several Defendants originally named in this action have already been dismissed as party Defendants. See Orders filed June 11, 2009 and December 1, 2009. With respect to the remaining Defendants, a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. was filed on November 19, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 20, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that

- 1 -



if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

After receiving an extension of time, the Plaintiff filed a memorandum in opposition to the Defendants' motion on December 10, 2009. Plaintiff also filed an additional "Declaration" on January 4, 2010.

Defendants' motion is now before the Court for disposition.[1]

## Plaintiff's Allegations

Plaintiff alleges in his verified amended complaint[2] that the Defendant Dr. Allewine was deliberately indifferent to his serious medical needs because he failed to comply with the request of a doctor "Hwang" that Plaintiff be sent to a neurosurgeon for "surgical intervention". Plaintiff alleges that Dr. Hwang "specifically requested of SCDC to return [Plaintiff] to University of South Carolina Neurology . . . ." Plaintiff alleges that Dr. Allewine has been "deceptive" and stated that the neurosurgeon's office contacted him to say they had found nothing that Plaintiff needed to be seen for, when in fact Dr. Hwang requested in September 2004 that Plaintiff be returned to his office. Plaintiff also alleges that lumbar myelogram CT scans were performed on August 23, 2004 by Dr. Charles Parke which (apparently) Plaintiff contends support his claim against Dr. Allewine. Plaintiff alleges that he presented several grievances concerning this matter in 2006.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



Plaintiff also alleges that he has been repeatedly overdosed with seizure medication prescribed by the Defendant Dr. Byrne of the Allendale Correctional Institution from September 2006 through August 2007, resulting in serious side effects. Plaintiff alleges that Dr. Allewine was fully aware of this "constitutional violation" but covered up these violations, although he then refers to grievances he filed in February 2004. Plaintiff alleges that the Defendants conduct has not only been deliberately indifferent to his serious medical needs, but that it constitutes negligence, and he seeks monetary damages. Plaintiff has attached as exhibits to his Complaint copies of a grievance as well as a "narrative" relating to the medical care he received in 2004 through 2006. See generally, Plaintiff's Verified Amended Complaint, with attached Exhibits.

With respect to his response to the Defendants' motion, Plaintiff has submitted a declaration in which he states that the Defendants Byrne, Derrick, Hagan, Long and Allewine have been deliberately indifferent to his medical needs as a result of overdoses of seizure medication as prescribed by Dr. Byrne from September 2006 through August 2007, that Nurse Derrick and Dr. Allewine were also involved in the administration of Dilantin overdoses, that he failed to receive proper treatment, and that Warden Hagan became aware of these violations but failed to do anything to correct them. Plaintiff then goes on to state that his receipt of overdoses of seizure medication have continued through August 2009, resulting in swelling in various parts of his body and other ailments. Plaintiff has attached numerous exhibits to this response, including grievances, copies of lab reports and SCDC health records, and a copy of a brief that was submitted in a case Plaintiff apparently had pending in the South Carolina Administrative Law Court in 2008.

**Discussion**

Defendants' motion does not address the merits of Plaintiff's claims; rather,



Defendants have moved for summary judgment on the basis on res judicata and/or collateral estoppel, violation of the applicable statute of limitations, and because Plaintiff's case fails to set forth an adequate claim for relief in violation of Rule 8, Fed.R.Civ.P. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Defendants first contend that any claims Plaintiff is asserting that relate to Dr. Allewine's failure to follow recommendations from Dr. Hwang back in 2004 have already been raised, considered, and dismissed in one of Plaintiff's prior cases, Freeman v. Ozmint, No. 04-22832, 2005 WL 4659364 (D.S.C. Sept. 27, 2005), aff'd, 174 Fed. Appx. 775 (4th Cir. Apr. 7, 2006), and that Plaintiff's claims that he has been given improper amounts of seizure medication and not treated properly for injuries to his back have previously been raised, considered and dismissed in yet another

- 4 -



one of Plaintiff's previous cases, Freeman v. SCDC, No. 06-1171, 2007 WL 1239504 (D.S.C. Apr. 27, 2007), aff'd, 247 Fed. Appx. 417 (4th Cir. Sept. 17, 2007). The undersigned agrees that Plaintiff's claims relating to Dr. Allewine's alleged failure to follow the recommendations of Dr. Hwang from 2004, as well as his other general medical complaints that were raised and addressed in both his 2004 and his 2006 cases (the later case being dismissed on summary judgment in 2007), including that he had been over prescribed seizure medication, are barred from consideration by this Court. Plum Creek Development Co. v. Conway, 491 S.E.2d 692, 695 (S.C.Ct.App. 1997)["Res judicata bars not only issues litigated in a prior action, but issues that could have been litigated"]. A review of Plaintiff's previous cases shows that Dr. Allewine was named in Plaintiff's 2006 case, while the remaining Defendants, who are all also employees of the Department of Corrections, qualify as privies. Cf. Bells v. Ozmint, No. 06-2266, 2007 WL 1862668, at * 2, and n. 2 (D.S.C. Jun. 6, 2007); Sweeper v. Tavera, No. 08-6372, 2009 WL 2999702 at * * 4-5 (S.D.N.Y. Sept. 21, 2009). Further, as those prior cases were dismissed with prejudice on summary judgment and affirmed on appeal by the Fourth Circuit Court of Appeals, these claims have already received a final determination on the merits. Briggs v. Newberry County Sch. District, 838 F.Supp. 232, 235 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993); Andrews v. Daw, 201 F.3d, 521, 524 (4th Cir. 2000).[3]

       Therefore, all of Plaintiff's claims arising prior to the final judgment in his 2006 case, and which he had a full and fair opportunity to litigate, are barred from consideration by this Court and must be dismissed. Cf. Plunkett v. United States, No. 00-24, 2001 WL 34085616 at * 1 (D.S.C.

---

[3] A separate state court case referenced by the Defendants, Freeman v. SCDC and Anderson Radiology, Civil Action No. 06-CP-04-2778, does not appear to have been a dismissal on the merits of the claims asserted in that lawsuit. See Defendants' Exhibit [Court Order]. See Hentz v. Cabana, 35 F.3d 559 at * 1 (5th Cir. 1994)[prior dismissal without prejudice did not have res judicata effect].
.



Mar. 23, 2001).

**II.**

Although Plaintiff's medical claims arising prior to the dismissal of his last medical care case in 2007 are barred from consideration by this Court, Plaintiff may still establish a valid constitutional claim in the case at bar if he can show through competent evidence that the medical care and treatment he has been and is receiving *since the conclusion of his previous cases* has resulted in a serious medical condition or conditions, such that to require him to remain in this status of custody would amount to deliberate indifference to his serious medical needs. Pruitt v. Moore, No. 02-395, 2003 WL 23851094, at * 9 (D.S.C. Jul. 7, 2003)[Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim], cert. denied, 2004 WL 232748 (4th Cir. 2004); Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. Mar. 11, 1997)["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety]; cf. Reed v. Pearson, No. 91-2628, 1992 WL 230248 at * 5 (7th Cir. Sept. 17, 1992)[Claim of unconstitutional conditions of confinement not barred by doctrine of res judicata where Plaintiff can show that conditions have changed or worsened]; Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 430 (1st Cir. 2005) (quoting Kilgoar v. Colbert County Bd. of Educ., 578 F.2d 1033, 1035 (5th Cir. 1978)["Subsequent conduct, even if it is of the same nature as the conduct complained of in a prior lawsuit, may give rise to an entirely separate cause of action."].

Therefore, the Defendants are not entitled to dismissal of this case on the grounds of res judicata with respect to Plaintiff's claims concerning the medical care he has received since the conclusion of this last medical case in 2007. Plunkett, 2001 WL 34085616, at * 1. Defendants'



statute of limitations argument also does not encompass these claims, as that defense would only apply to claims that are more than three years old. See S.C. Code Ann. § 15-3-530(5), as amended; see also Wilson v. Garcia, 471 U.S. 261 (1985).

### III.

Defendants' final argument for summary judgment is that the Defendants Byrne, Hagan, Long, Derrick and John Doe should be dismissed because the Complaint fails to state a claim against them upon which relief can be granted.[4] Specifically, Defendants argue that the allegations of Plaintiff's Complaint fail to comply with Rule 8, Fed.R.Civ.P, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

Reviewing the allegations of Plaintiff's Amended Complaint, and considering those allegations in the light most favorable to the Plaintiff as well as giving the pro se Plaintiff the liberal construction of his pleadings to which he is entitled, it is apparent that he has alleged that, since 2007 and continuing thereafter, Dr. Byrne has continued to prescribe overdoses of seizure medication to him, causing "swelling for months", pain in his left side, and affecting his memory. Plaintiff also alleges that Dr. Allewine was "fully aware of [these] constitutional violations" and engaged in a coverup. Long, Hagan and Derrick are not mentioned in the narrative of Plaintiff's Amended Complaint.[5] While Plaintiff asserts in a general and conclusory fashion in his "Declaration" filed in opposition to summary judgment, that the Defendants Byrne, Derrick, Hagan, Long and Allewine

---

[4] The Defendants Dunlap and Taylor, while referenced in Defendants' motion, have already been dismissed as party Defendants. See Court Docket No. 87.

[5] Conclusory references to these Defendants were contained in earlier pleadings. However, Plaintiff amended his complaint several times, and by Order entered on October 5, 2009, Plaintiff's final amended complaint was deemed to constitute his entire complaint in this case.

- 7 -



were or are all aware of what was happening to him but failed to do anything to correct it, this assertion is not a part of the allegations of Plaintiff's Amended Complaint, nor is such a general and conclusory statement sufficient to constitute a valid claim against the Defendants who are not even referenced in the narrative of the Complaint. Hagebush v. United States, 657 F.Supp. 675, 677 (D.Neb. 1986)["[P]ro se pleadings may not be merely conclusory; the complaint must allege facts which, if true, state a claim as a matter of law"]; Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)[Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"].[6]

Since Plaintiff makes no allegations whatsoever in his last Amended Complaint against the Defendants Derrick, Hagan and Long, these individuals are entitled to dismissal as party Defendants in this case. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) [In order to maintain a claim under § 1983, a plaintiff must show, in part, that a named Defendant deprived him or her of a federal right.]; see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999) ["liability...must be based on the personal involvement of the defendant"], cert. denied, 522 U.S. 1154 (1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D.Ill. 1996); Horton v. Marovich, 925 F.Supp. 540 (N.D.Ill. 1996) ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"]. "John Doe" should also be dismissed at this time, as

---

[6] While some of these Defendants may also be referenced in some of the documents Plaintiff has attached to his memorandum in opposition to summary judgment, many of which relate back as far as 2004, Plaintiff's submission of these documents does not cure the defect in his Complaint of failing to allege any claims against these individuals. Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].



no substantive allegations have been made against any such unknown individual(s).[7] The Defendants Byrne and Allewine are not entitled to dismissal on this ground.

### **Conclusion**

Based on the foregoing, it is recommended that the Defendants' be **granted** summary judgment on all medical claims being asserted by the Plaintiff which predate the decision in Freeman v.SCDC, Civil Action No. 06-1171; as well as all claims which Plaintiff had a full and fair opportunity to litigate in that case. Plunkett, 2001 WL 34085616, at * 1. With respect to the claims Plaintiff has asserted in his verified Amended Complaint which post-date that decision, all Defendants except for the Defendants Byrne and Allewin should be **dismissed** as party Defendants in this case for the reasons stated.

Plaintiff's claim that the Defendants Byrne and Allewin have been improperly medicating and treating him with seizure medication since 2007 should be allowed to proceed.[8]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 16, 2010
Charleston, South Carolina

---

[7] Plaintiff may, of course, move to add parties to this lawsuit if he discovers through discovery the identity of any person or persons against whom he believes he has a proper claim for relief.

[8] Per previous Order of the Court, the Defendants were allowed to file this motion for summary judgment on the procedural grounds set forth herein, without prejudice to their right to file a later summary judgment motion on the merits of Plaintiff's claims.

- 9 -



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

