# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| FRED FREEMAN, #235180, ) | C/A No. 9:09-1102 DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DOCTOR BYRNE; NURSE DERRICK, ) | |
| DIRECTOR OF NURSING; WARDEN HAGAN; ) | |
| KEN LONG, GRIEVANCE COORDINATOR; ) | |
| JOHN DOE OF ANDERSON COUNTY COURT; ) | |
| AND DR.NFN ALLEWINE, ) | |
| ) | |
| Defendants. ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that the defendants' motion for summary judgment be granted on all medical claims being asserted by plaintiff which predate the decision in Freeman v SCDC, Civil Action No. 06-1171, as well as all claims which plaintiff had a full and fair opportunity to litigate in that case. The magistrate judge also recommended that all defendants except defendants Byrne and Allewine should be dismissed, and that plaintiff's claim that defendants Byrne and Allewine have been improperly medicating and treating him with seizure medication since 2007 be allowed to proceed.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections

to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1] Objections to the magistrate judge's report and recommendation were timely filed on March 26, 2010.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **AFFIRMED,** and the defendants' Motion for Summary Judgment is **GRANTED** on all medical claims being asserted by plaintiff which predate the decision in Freeman v SCDC, Civil Action No. 06-1171, as well as all claims which plaintiff had a full and fair opportunity to litigate in that case.

**IT IS FURTHER ORDERED** that all defendants except defendants Byrne and Allewine are dismissed, and that plaintiff's claim that defendants Byrne and Allewine have been improperly medicating and treating him with seizure medication since 2007 is allowed to proceed. Defendants Byrne and Allewine will be permitted to file any Motion for Summary Judgment on the merits of this case.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice. The plaintiff may renew this motion if defendants' Byrne and Allewine's Motion for Summary Judgment is denied.

---

[1]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

This case is hereby **REMANDED** to the Magistrate Judge.

**AND IT IS SO ORDERED.**

_____
David C. Norton
Chief United States District Judge

Charleston, South Carolina
April 14, 2010

### *NOTICE OF RIGHT TO APPEAL*

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure